## W. C. HARRIS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

### Docket No. 21060.   Promulgated November 5, 1927.

> The loss sustained by the petitioner in 1921 as the result of the liquidation of a corporation carrying on business formerly operated by petitioner and another as a partnership, and after dissolution, operated by him as an individual, was not a " net loss " as defined in section 204 (a) of the Revenue Act of 1921.

*B. M. Webster, Esq.,* for the petitioner.
*P. J. Rose, Esq.,* for the respondent.

The Commissioner determined a deficiency in income tax for the year 1923 in the amount of $497.68.   Petitioner claims that Commissioner erred in refusing to treat a loss of $24,491.86 as a " net loss " under the Revenue Act of 1921.

### FINDINGS OF FACT.

Petitioner is a citizen and resident of Sterling, Colo., and had been engaged in the cattle business at that place since about 1893.   Together with Healy he formed the Healy-Harris Corporation in 1915. That company had a paid-up capital of $560,000, divided equally between the petitioner and Healy, and issued in exchange for live stock, machinery and land.   The petitioner's contribution to the capital of the corporation constituted everything that he had except

his residence and life insurance. After the incorporation, a nephew of the petitioner became a stockholder to the extent of 15 per cent, turning over certain personal property in exchange for the stock. Smith, the secretary of the company and the son-in-law of Healy, similarly became the owner of 15 per cent.

Prior to the formation of the corporation the copartnership of Healy and Harris had been carried on with the same assets, but with the advance in years of Healy, the corporation was formed to facilitate liquidation in case of the death of either partner. The petitioner was the actual manager of the business of the corporation, spent his entire time with it and had no other business. At the death of Healy in 1919, steps were taken to dissolve the corporation and it was about two years before the liquidation was completed.

There was no substantial difference in the manner of operation of the corporation and the predecessor partnership. The petitioner continued to act as manager of the business, the corporation borrowed money from the same banks and handled it in the same manner, the petitioner, as an individual, endorsing the notes for everything, or practically everything, that was borrowed. The corporation had the same offices as the partnership and the general public did not recognize the difference in the manner of operation and did not know that the partnership had become a corporation or when it ceased to do business as a corporation and again became a partnership.

The banks dealing with the corporation dealt with it because of the personal responsibility of the petitioner and Healy. The Healy-Harris Co. was dissolved in the year 1921. On its liquidation the petitioner suffered a loss in the amount of $24,491.86. The deficiency in tax results from the disallowance of any portion of such amount as a "net loss" against income of the petitioner for the year 1923.

OPINION.

MORRIS: The question raised by the petitioner has already been considered by the Board and decided adversely to his contention. *Harry J. Gutman* v. *Commissioner*, 7 B. T. A. 500; *H. E. Newton* v. *Commissioner*, 7 B. T. A. 1153; *R. J. Palmer* v. *Commissioner*, 4 B. T. A. 1028; *Wm. J. Robb* v. *Commissioner*, 5 B. T. A. 827. In view of those decisions we are of the opinion that the loss sustained by the petitioner in 1921 upon the liquidation of the Healy-Harris Co. was not a "net loss" as defined in section 204 (a) of the Revenue Act of 1921.

Reviewed by the Board.

*Judgment will be entered for the respondent.*